IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHONNA RENE REITER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:17-CV-0893-M-BH |
| ) | |
| AT&T, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the plaintiff's *Motion for Default Judgment*, filed on May 12, 2017 (doc. 10). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

On March 29, 2017, the plaintiff filed this *pro se* employment discrimination action against the defendant and paid the filing fee. (*See* doc. 3.) A summons was issued for the defendant on that date. (*See* doc. 5.) The plaintiff filed proof of service of the complaint on the defendant on April 18, 2017. (*See* doc. 9.) It states that "the summons" was personally served on the defendant's registered agent on March 30, 2017. *Id.* On May 12, 2017, the plaintiff requested and obtained entry of default. (*See* docs. 10, 11.) She also moved for entry of default judgment in the amount of $2,113,846. (*See* doc. 10 at 2.)[1] The plaintiff filed an affidavit in support of her motion attesting that "service of process was had on the defendant on March 30th, 2017." (*See* doc. 12.) On May 17,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2017, the defendant filed a response to the motion for default judgment alleging that it had not been properly served because the plaintiff did not serve a copy of the complaint with the summons, and a supporting affidavit.  (*See* docs. 14, 15-1.)

## II.  SETTING ASIDE DEFAULT

Although the defendant has responded to the motion for default judgment, the response was filed after default was entered against it, and it did not specifically move to set aside the Clerk's entry of default.  (*See* doc. 14.)

When a defendant files a pleading subsequent to an entry of default, a court may construe it as a motion to set aside the default. *Little v. D & D Helping Others, Inc. No*. H-06-3295, 2008 WL 4525398, at *4 (S.D. Tex. Oct. 2, 2008), *E.E.O.C. v. Mothers Work, Inc.*, No. Civ. A. SA04CA0873-XR, 2005 WL 465400, at *2 (W.D. Tex. Feb. 28, 2005).  Moreover, a court may set aside an entry of default *sua sponte*. *UMG Recordings, Inc. v. Landers*, No. 07-1279, 2008 WL 60422, at *1 (W.D. La. Jan. 4, 2008) (citing *Mitchell v. Cent. Bank & Trust*, 49 F.3d 728, 1995 WL 103356, at *2 (5th Cir. 1995) (per curiam)).

Under Rule 55(c) of the Federal Rules of Civil Procedure, courts may set aside an entry of default for good cause.  FED. R. CIV. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004).  The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant has presented a meritorious defense.  *Id*.; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry in place of willfulness); *see also Stevenson v. Verizon Wireless, LLC*, No. 3:08-CV-0168-G,

2009 WL 188188, at *2 & n. (N.D. Tex. Jan. 27, 2009) (applying excusable neglect factor in accord with *CJC Holdings.*). These factors are nonexclusive; another factor often considered by courts is whether the party acted promptly to correct the default. *Effjohn*, 346 F.3d at 563. "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

Excusable neglect is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*. at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also Landers*, 2008 WL 60422, at *2 (excusing defendant's delay in answering the complaint in the absence of evidence that *pro se* defendant acted intentionally); *In re Waggoner*, No. 05-21523-RLJ-7, 2007 WL 3171740, at *5 (Bankr. N.D. Tex. Oct. 24, 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

Here, the defendant has explained that it failed to respond to the complaint in a timely manner because it was not properly served with a copy of it, only the summons. Under the circumstances, the failure to file a timely answer meets the "elastic" standard for excusable neglect. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392. There is also no indication that the plaintiff would suffer prejudice if the default were to be set aside. The defendant has made an appearance before a ruling on the motion for default judgment, and the case is still in its early stages. *See Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice).

In addition, the defendant's response raises a defense of insufficient service of process. *See* FED. R. CIV. P. 12(b)(5). It has submitted an affidavit averring that it was not served with a copy of the complaint. The plaintiff filed a return of service stating that a copy of "the summons" had been served on the defendant, and her affidavit states that "service of process was had on the defendant." Neither of her filings specifically states that a copy of the complaint was served on the defendant. It has therefore presented a potentially meritorious defense to the plaintiff's claims against it. *Effjohn*, 346 F.3d at 563; *CJC Holdings*, 979 F.2d at 64. Because there is good cause, the default entered against the defendant on May 12, 2017 (doc. 12), should be set aside.

### III. MOTION FOR DEFAULT JUDGMENT

The plaintiff moves for entry of default judgment based on the defendant's failure to timely file an answer to her complaint.

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).[2] Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

---

[2] Rule 55(a) was amended in 2007 to delete a qualification that previously allowed entry of default only when a party failed to "defend as provided by these rules." *See* Fed. R. Civ. P. 55 advisory committee notes (2007 am.). The deletion was intended to reflect the actual meaning of the rule, which had been interpreted by federal courts as requiring only that a party "defend" against a judgment to defeat a request for entry of default. *See id.* Prior to the amendment, courts regularly rejected the implication that every defense had to be in strict compliance with the rules. *Id.*

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted). "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). Consequently, default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is within the Court's discretion. *Stelax Indus.,* 2004 WL 733844, at *11.[3]

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)). Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Rule 4 provides that a corporation, partnership, or association may be served in the same

---

[3] Courts consider numerous factors in deciding whether to grant a motion for default judgment. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

manner as an individual under Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant". Fed. R. Civ. P. 4(h)(1). A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 Fed. App'x 380 (5th Cir. 2010) (per curiam).

As discussed, the plaintiff has not shown that the defendant has been properly served, so she has not met her burden to show that she is entitled to a default judgment against it. *See* Fed. R. Civ. P. 4(c)(1). Moreover, even if the Court were to find that the defendant is technically in default, it has now appeared to defend the case and has satisfactorily explained its failure to timely respond. Entry of default judgment is also not warranted for this reason.

## IV. RECOMMENDATION

The entry of default should be set aside, and the plaintiff's motion for default judgment should be **DENIED**.

**SIGNED** this 18th day of May, 2017.

                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE