# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **SHONNA RENE REITER,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:17-CV-0893-C-BH** |
| | § | |
| **AT&T,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant's Amended Motion to Dismiss*, filed October 17, 2017 (doc. 38). Based on the relevant filings and applicable law, the motion should be **DENIED in part**, and **GRANTED in part**.

## I. BACKGROUND

On March 29, 2017, Shonna Rene Reiter (Plaintiff) filed suit against her former employer, AT&T (Defendant). (doc. 3 at 1, 4.)[1] Her amended complaint, filed on October 4, 2017, asserts claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act of 1990 (ADA) for alleged failure to accommodate her disability, failure to promote her, and wrongful termination of her employment. (doc. 37 at 3-4.)

Plaintiff alleges that in 2007, she "completed and passed a corporate training class for management . . . and was the only person who achieved an A score," but was denied a management position and the ability to apply for other positions that she was told she would "be eligible to apply for." (*Id.* at 4.) In 2012, while working as a Customer Service Technician for Defendant, Plaintiff

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

sustained a back injury from a car accident. (*Id*. at 3, 5.) She alleges that Defendant did not accommodate her "documented disability despite the fact that male employees with lighter disabilities were regularly accommodated . . . ." (*Id*. at 4; doc. 41 at 6.) In June of 2014, her chiropractor determined that she "had a chronic serious health condition that recurred on an episodic basis and required continuing treatments." (doc. 37 at 16, 19.) Plaintiff's chiropractor "found that when an episode occurred[,] she was unable to perform" job functions involving raising her arms or prolonged neck extension, and that intermittent leave of approximately ten days per month would be medically necessary due to her condition. (*Id*. at 17, 19.) Plaintiff was approved to take unpaid leave under the Family and Medical Leave Act (FMLA) on November 21, 24–25, 2014 "for back adjustment, therapy and massage relating to [her] ongoing back injury." (*Id*. at 5.)

Defendant began an investigation into "alleged FMLA benefit misuse by [Plaintiff]" based on "an anonymous allegation [that] she owned a bar and worked there even when she was out on FMLA," and she was "followed and videotaped while on these approved unpaid leave days." (*Id*. at 5, 8.) The investigation revealed that Plaintiff owned a sports bar in Arlington, Texas, and that she had "a pattern of being out multiple days at a time." (*Id.* at 8.) It also revealed that: (1) on November 21, 2014, Plaintiff drove her personal vehicle to several locations, entered and exited the vehicle, and was observed at her sports bar "carrying a florescent bulb to the trash dumpster outside the bar"; (2) on November 24, 2014, Plaintiff went to her chiropractor's for about fifty minutes and eventually to her sports bar where she "was observed in the bar for about [one] hour and [fifty] minutes sitting at the bar and drinking [two] [b]loody [m]arys and couple of 'shots'"; and (3) on November 25, 2015, Plaintiff went to a gas station and then to her sports bar for about fifteen minutes before heading toward Fort Worth, Texas, during which time she "was lost due to heavy

pre-Thanksgiving traffic." (*Id*. at 8-9.)

On January 15, 2015, Plaintiff "was interviewed at her work location." (*Id*. at 9.) She stated that during her leave days in November, "she could not work because of her medical condition," and that she took the days off "because she did not want to aggravate her condition and she did not feel safe driving a company vehicle if she was taking her medication." (*Id*.) Based on the information revealed in the investigation, it was determined that there was a reasonable basis to believe that Plaintiff was not incapacitated during her November leave days, and that her "FMLA leave was therefore misused, in violation of Company policies." (*Id*. at 9.)

Plaintiff was terminated for FMLA fraud on April 21, 2015. (*Id*. at 5, 24-26.) She alleges she was given no previous warnings regarding any disciplinary issues. (*Id*. at 5.) She also alleges that Defendant stated that her efficiency in job performance decreased after her injury and "failed to acknowledge that [she] was refused equipment available to male employees to more efficiently perform [her] duties despite [her] disability." (*Id*.) Plaintiff claims that other individuals were on FMLA leave as well, but were not investigated. (doc. 41 at 8.)

Plaintiff submitted her intake questionnaire to the Equal Employment Opportunity Commission (EEOC) on November 28, 2015, and it was received on December 1, 2015. (doc. 41 at 1-2, 14-17.) She alleged discrimination based on sex, disability, and retaliation. (*Id*. at 15.) She asserted that her suspension on February 19, 2015, and her termination on April 21, 2015, were discriminatory. (*Id*.) She also asserted that her employer did not accommodate her disability after she requested changes. (*Id*. at 16.) Although Plaintiff alleges that she filed her Charge of Discrimination with the EEOC on November 30, 2015, the charge shows it was signed and received by the Texas Workforce Commission Civil Rights Division and the EEOC on November 30, 2016.

3

(docs. 37 at 5; 41 at 21.)  Her charge alleged discrimination based on her gender and disability because she was discharged on April 21, 2015 while out on medical leave.  (doc. 41 at 21.) Plaintiff asserts that she received a Notice of Right to Sue letter on January 3, 2017.  (doc. 37 at 5.)

On October 4, 2017, Plaintiff filed her amended complaint in this suit.  (doc. 37.)  On October 17, 2017, Defendant filed an amended motion to dismiss.  (doc. 38.)  With a timely-filed response and reply, this motion is ripe for consideration.  (docs. 41; 42.)

## II.  RULE 12(b)(1)

Defendant first moves to dismiss some of Plaintiff's claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  (doc. 39 at 2-5.)

## A.    Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or a by a court on its own initiative at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006).  A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions,

the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.  Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

A district court may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).  "If sufficient, those allegations alone provide jurisdiction." *Id*.  Facial attacks are usually made early in the proceedings. *Id*.  "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (citations omitted).

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings.

5

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists.  *Ramming*, 281 F.3d at 161.

Here, Defendant relies solely on the complaint to support its motion to dismiss, so it presents a facial attack that does not require the resolution of factual matters outside the pleadings.  *See Williamson*, 645 F.2d at 412–13.

**B.**   **Title VII & ADA**

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a).  Before an individual can pursue a Title VII claim in federal court, she must timely exhaust her available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).  This typically means that the complainant must first file the charge with the EEOC and receive a "right to sue" letter before filing suit.  *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg College*, 535 U.S. 106, 109 n.1 (2002).

The ADA prohibits a covered entity from discriminating against a qualified individual with a disability because of that disability.  42 U.S.C. § 12112(a).  Before filing suit against an employer for a violation of the ADA, an employee must comply with the ADA's administrative prerequisites. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *see also Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:15-CV-1413-B, 2015 WL 9269416 at *4 (N.D. Tex. Dec. 21, 2015).  The ADA incorporates by reference the procedures applicable to actions under Title VII, including the requirement that a plaintiff file a timely charge with the EEOC, or with a

state or local agency with authority to grant or seek relief from the alleged unemployment practice, and receive a "right to sue" letter prior to filing suit. *See Dao*, 96 F.3d at 789 (citing 42 U.S.C. §§ 12117(a), 2000e-5(e)(1)).

### 1.    Timeliness

Defendant first contends that any claims based on allegations that predate February 4, 2015, should be dismissed for lack of jurisdiction because they are untimely. (doc. 39 at 2-4.)

To be timely, a complainant must file a charge with the EEOC within 180 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 109 n.1 (2002). In a "deferral state" like Texas, the charge must be filed within 300 days of the alleged unlawful act. *Martin v. Lennox Int'l Inc.*, 342 F. App'x 15, 18 (5th Cir. 2009) (per curiam). Timely filing of an EEOC complaint is not a jurisdictional requirement; the limitations period is subject to estoppel and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 521 (5th Cir. 2008). Because the limitations period is not jurisdictional, Defendant's motion to dismiss on this basis "is not properly brought under Rule 12(b)(1)," but may be properly considered under Rule 12(b)(6). *See Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-CV-4997-D, 2016 WL 1161784, at *2 (N.D. Tex. Mar. 22, 2016); *Mishra v. Bank of America*, No. 3:14-CV-1521-M, 2016 WL 944133 at *6 (N.D. Tex. Feb. 16, 2016), *adopted by*, 2016 WL 1060311 (N.D. Tex. Mar. 11, 2016).

### 2.    Exhaustion

Defendant also claims that jurisdiction is lacking over Plaintiff's 2007 failure to promote and 2012 failure to accommodate claims for failure to exhaust her administrative remedies because she did not include them in her charge of discrimination. (doc. 39 at 4-5.)

The Fifth Circuit has recognized a split in the circuit on "whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction." *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006); *see also Baker v. McHugh*, No. 15-41439, 2016 WL 7046615 at *3 (5th Cir. Dec. 2, 2016) (per curiam). While both the Supreme Court and the Fifth Circuit sitting *en banc* have held that the filing deadlines are not jurisdictional, neither has decided whether exhaustion is a jurisdictional prerequisite or merely a condition precedent to suit. *See id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Coke v. Gen. Adjustment Bureau*, 640 F.2d 584, 595 (5th Cir. 1981)). Different Fifth Circuit panels have reached different conclusions. *Compare, e.g., Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) ("It is the well-settled law of this circuit that each [Title VII] requirement is a prerequisite to federal subject matter jurisdiction.") *with Young v. City of Houston*, 906 F.2d 177, 180 (5th Cir. 1990) ("A failure of the EEOC prerequisite does not rob a court of jurisdiction."). Based on the rule that "one panel may not overrule the decision—right or wrong—of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court," *In re Dyke*, 943 F.2d 1435, 1442 (5th Cir. 1991), district courts have held that exhaustion is a condition precedent rather than a jurisdictional prerequisite to maintaining a Title VII action. *Gates v. City of Dallas, Tex.*, No. 3:96-CV-2198-D, 1997 WL 405144 at *1 (N.D. Tex. July 15, 1997) (citing *Sanchez*, 431 F.2d at 460); *see also Carter v. Burlington N. Santa Fe LLC*, No. 4:15-CV-366-O, 2015 WL 11022766 at *3 (N.D. Tex. Oct. 9, 2015) (citing *Gorman v. Verizon Wireless Tex., LLC*, 753 F.3d 165, 170 (5th Cir. 2014)). In the ADA context, the Fifth Circuit has found that exhaustion is a condition precedent rather than a jurisdictional prerequisite to suit. *See Dao*, 96 F.3d at 789; *see also Zavala*, 2015 WL 9269416 at *4.

8

When the failure to exhaust is a condition precedent rather than a jurisdictional prerequisite, a motion to dismiss based on such failure is properly filed under Rule 12(b)(6) rather than Rule 12(b)(1).  *See id.*; *see also Mishra v. Bank of America*, No. 3:14-CV-1521-M, 2016 WL 944133 at *6 (N.D. Tex. Feb. 16, 2016), *adopted by*, 2016 WL 1060311 (N.D. Tex. Mar. 11, 2016) (explaining that exhaustion of an EEOC charge is a condition precedent to bringing suit on an employment discrimination claim under Title VII).

Because the timely filing of a charge and exhaustion of administrative remedies are not jurisdictional prerequisites, Defendant's motion to dismiss under Rule 12(b)(1) should be denied.

### III.  12(b)(6)

Defendant also moves to dismiss some of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (doc. 39 at 5-8.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.

 "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof

of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *see Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008). However,

"[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293–94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached documents to her complaint, including an investigation request, investigative report, certification of health care provider letter, right-to-sue letter, affidavit from her doctor, medical records, a separation proposal explaining the basis for her dismissal from work, and a job posting with a description of her job. (doc. 37 at 8-30.) Because these documents are attached to her complaint, they are considered part of the pleadings. *In re Katrina Canal Breaches Litig.*, 495

F.3d at 205; *Collins*, 224 F.3d at 498. She also attached documents to her response to Defendant's motion to dismiss that were not attached to her complaint, including her own affidavit, an EEOC intake questionnaire, and her charge of discrimination to the EEOC. (doc. 41 at 6-8, 12-22.) Plaintiff's complaint references the intake questionnaire and charge of discrimination, and these documents are central to her claims, so they may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Walch*, 533 F.3d at 293–94 (affirming judgment in which the district court relied in part on documents attached to the plaintiff's response to a motion to dismiss in deciding that motion); *Smith v. J.P. Morgan Chase Bank, N.A.*, No. 4:14-CV-682, 2016 WL 4974899, at *4 (E.D. Tex. Sept. 19, 2016) (recognizing that a court may consider documents attached to a response to a motion to dismiss); *Carter v. First Nat. Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 573–74 n.11 (S.D. Tex. 2015) (considering documents attached to a plaintiff's response to a motion to dismiss without converting that motion into a motion for summary judgment).

Plaintiff's complaint does not reference her affidavit, which makes new factual allegations, and it is not part of the pleadings to be considered for purposes of the motion to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473 at *4 n.3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552 at *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). Nevertheless, a *pro se* response may be liberally construed as a request for leave to amend her complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully

discriminated against, should be treated as a motion to amend her pleadings).  Plaintiff's affidavit is therefore liberally construed as motion for leave to amend her complaint, and her new allegations will be considered.

## A.    <u>Timeliness</u>

Defendant moves to dismiss as time-barred only those claims based on allegations occurring more than 300 days prior to February 4, 2015, which include the 2007 failure to promote claim, the 2012 failure to accommodate claim, "Defendant's alleged refusal to provide Plaintiff 'equipment' at an unspecified time" in 2014, and any 2014 FMLA claim.  (doc. 39 at 3-4 n.3.)[2]

As noted, Defendant's motion to dismiss on this basis may be properly considered under Rule 12(b)(6).  *See Clemmer*, 2016 WL 1161784, at *2; *Mishra,* 2016 WL 944133 at *6. Although the statute of limitations is an affirmative defense, a defendant may move for dismissal under Rule 12(b)(6) if the facts giving rise to this defense "appear[ ] on the face of the complaint."  *Simmons v. Local 565 Air Transp. Div. Transp. Workers Union of Am. AFL-CIO*, No. 3:09-CV-1181-B, 2010 WL 2473840, at *4 (N.D. Tex. June 16, 2010) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

As also noted, an individual must exhaust her administrative remedies by filing a timely charge with the EEOC before she can pursue a Title VII or ADA claim in federal court.  *See Taylor*, 296 F.3d at 378–79; *see also Dao*, 96 F.3d at 789 (citing 42 U.S.C. §§ 12117(a), 2000e-5(e)(1)). Because Texas is a "deferral state," the charge must be filed within 300 days of the alleged unlawful

---

[2] It appears from Plaintiff's complaint and the affidavit attached to her response that she was last refused equipment in 2014, prior to her FMLA leave.  (docs. 37 at 4-5; 41 at 6-7.)

act.[3]  *Martin*, 342 F. App'x at 18.  If the EEOC determines that there is no reasonable cause to believe that an unlawful employment practice has occurred, the EEOC issues a right-to-sue letter informing the party that it has a right to sue in federal court within 90 days of the receipt of the letter.  *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003) (citing 29 C.F.R. § 1601.19(a)).  Because timely filing of the complaint is not a jurisdictional requirement, estoppel and equitable tolling may apply.  *Zipes*, 455 U.S. at 393; *Taylor*, 554 F.3d at 521.  A plaintiff who does not file a charge within 300 days bears the burden of showing a factual basis for tolling the limitations period.  *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988).  Equitable tolling applies only in "rare and exceptional circumstances," however.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Defendant's motion states that "the most generous filing date the law will allow is December 1, 2015," which is the date Plaintiff's intake questionnaire was received by the EEOC.  (doc. 39 at 3 & n.2.)[4]  Plaintiff's amended complaint alleges that she filed her charge with the EEOC on

---

[3] Plaintiff has not alleged that she initiated state agency proceedings before filing her charge with the EEOC. (*See* doc. 37.)  Some, but not all, courts appear to require a plaintiff to actually file with the state agency to trigger the elongated 300-day filing provision in deferral states. *See, e.g., Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994) (extending period to 300 days in a Title VII case because the "complainant [had] initiated state or local proceedings"); *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 976 (N.D. Tex. 2011) (same); *Profit v. Klein Indep. Sch. Dist.*, No. H-14-0850, 2015 WL 3866720, at *5 (S.D. Tex. June 23, 2015) ("The plaintiff must file a charge of disability discrimination with the [EEOC] within 180 days of the illegal act, or within 300 days if she has filed a complaint with the state or local agency."); *Simotas v. Kelsey-Seybold*, 211 F. App'x 273, 275 (5th Cir. 2006) (per curiam) (extending the ADA charge period to 300 days because Texas is a deferral state).  The charge here appears to have been submitted to both the EEOC and the state agency at the same time, (*see* doc. 41 at 21), and Defendant does not contend that the 300-day filing provision does not apply.

[4] Generally, an intake questionnaire may not function as a charge of discrimination except under limited circumstances. *See Harris v. Honda*, 213 F. App'x 258, 262 (5th Cir. 2006) (unpublished) (per curiam) (finding that an intake questionnaire was not a substitute for a charge where the employer was not on notice of the plaintiff's allegations); *Evenson v. Sprint/United Management Co.*, No. 3:08-CV-0759-D, 2008 WL 4107524, at *7 (N.D. Tex. Aug. 21, 2008) (citing *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 397–403 (2008)) (recognizing that in order for an intake questionnaire to function as a charge, it must meet the EEOC statutory requirements for a charge and request agency action); *see also* 29 C.F.R. § 1601.12(a) and 29 C.F.R. § 1601.12(b) (stating that a filing may constitute a charge if it contains "a written statement sufficiently precise to identify the parties" and generally describes "the action or practices complained of").  Plaintiff has not alleged that Defendant received notice that she was pursuing a

November 30, 2015.  (doc. 37 at 5.)  Her response to the motion to dismiss and the attachments to the complaint clarify that she signed her intake questionnaire on November 28, 2015, and it was received by the EEOC on December 1, 2015.  (doc. 41 at 1-2, 14, 17.)  Where allegations in a complaint are contradicted by an exhibit or attachment, the exhibit controls.  *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014) (citing *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)).  The filing date of the intake questionnaire is therefore December 1, 2015.  Plaintiff's 2007 failure to promote claim, 2012 failure to accommodate claim, 2014 refusal to provide equipment claim, and any 2014 FMLA claim, are based on allegations that predate February 4, 2015, which is 300 days prior to that date.[5]

As noted, a plaintiff who does not file a charge within 300 days bears the burden of showing a factual basis for tolling the limitations period, *Blumberg*, 848 F.2d at 644, and equitable tolling applies only in "rare and exceptional circumstances," *Davis*, 158 F.3d at 811.  The Fifth Circuit has recognized that equitable tolling may be warranted where a suit between the same parties is pending, where the plaintiff is unaware of the facts giving rise to the claim, or where the EEOC misled the plaintiff about the nature of her rights.  *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).  Plaintiff does not allege a basis for equitable tolling in her complaint, or any of the circumstances recognized by the Fifth Circuit that might warrant equitable tolling. (*See* doc. 37.)  She only asserts that the intake questionnaire should function as the charge.  (doc. 41 at 1-2.)

Defendant's limitations defense clearly appears on the face of Plaintiff's amended complaint.

---

discrimination claim against it based on her intake questionnaire, and the questionnaire does not request agency action. (*See* docs. 37; 41 at 14-17.)  Notably, all of her claims are based on actions that occurred more than 300 days prior to the filing of her charge on November 30, 2016.

[5] Defendant notes that this result would be the same even if Plaintiff's intake questionnaire was considered as having been filed on November 30, 2015, as initially alleged in her amended complaint.  (*See* doc. 37 at 3 n.2.)

It shows that even using the filing date of her intake questionnaire, December 1, 2015, as the date of her charge, her 2007 failure to promote, 2012 failure to accommodate, and 2014 refusal to provide equipment claims, as well as any 2014 FMLA claim, were filed more than 300 days prior to that date. The complaint provides no basis for equitable tolling. The claims are therefore untimely and should be dismissed with prejudice under Rule 12(b)(6).[6]

## B.    <u>Failure to State a Claim</u>

Defendant moves to dismiss Plaintiff's claim for wrongful termination under the ADA and Title VII for failure to state a claim upon which relief can be granted because she has not pled sufficient facts to support all elements of her claim. (doc. 39 at 5-7.)

### 1.    *ADA*

Defendant contends that Plaintiff has pled herself out of court because her amended complaint states that she was terminated for FMLA fraud rather than her disability, and the documents attached to it substantiate that allegation. (doc. 39 at 6.)[7]

To establish prima facie claim of discrimination under the ADA, an employee must demonstrate that she (1) has a disability; (2) is qualified for her job; and (3) was subject to an adverse employment decision because of her disability. *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (citing *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

Plaintiff alleges that she was terminated on April 21, 2015, "for FMLA fraud as [she] was

---

[6] Because these claims are time-barred, it is unnecessary to reach Defendant's argument that Plaintiff failed to exhaust her administrative remedies by failing to include them in her charge.

[7] Defendant also mentions that Plaintiff has not alleged sufficient facts to plausibly assert that she was an "eligible employee" or that Defendant was an "employer" or "covered entity" under the ADA at the time. (doc. 39 at 5.)

accused of taking FMLA 'during a busy time of year . . . .'" (docs. 37 at 4-5; 41 at 21.) She also alleges that her activities during her FMLA leave "were stated to be sufficient cause to terminate [her] employment for FMLA fraud . . . despite the fact" that she received no prior warnings. (doc. 37 at 5.) The "separation proposal" attached to her complaint stated that she was dismissed for violating Defendant's "Code of Business Conduct." (doc. 37 at 24.) She does not allege any facts to support an inference that her disability was the reason for her termination rather than her activities during her FMLA leave. Her allegations that "Defendant vaguely stated there was a decrease in efficiency in [her] job performance after her injury," and did not acknowledge that she "was refused access to equipment . . . to more efficiently perform [her] duties despite [her] disability," (doc. 37 at 5), pre-date her FMLA leave. Even viewing Plaintiff's allegations in the light most favorable to her, she has not alleged a plausible claim of discrimination under the ADA based on her termination. *See Hawkins v. AT&T*, No. 3:12-CV-1173-L, 2013 WL 4505154, at *4 (N.D. Tex. Aug. 23, 2013) (determining that Plaintiff failed to plead sufficient facts to demonstrate that she was terminated because of her disability under a Rule 12(b)(6) standard).

   **2.** *Title VII*

   Generally under Title VII, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). While a plaintiff need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts

17

to state all the elements of her claim, *Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008).

Defendant argues that Plaintiff has failed to allege that she was treated differently than any similarly situated male employees. (doc. 39 at 7.) The "similarly situated" prong of the fourth element of a prima facie case of discrimination requires a plaintiff to identify at least one comparator "outside of her protected class who was treated more favorably 'under nearly identical circumstances.'" *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 n.9 (5th Cir. 2017) (citing *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)). This means that comparators "held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, [] have essentially comparable violation histories, [a]nd, critically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical'" to that of the comparators. *Lee*, 574 F.3d at 260.

Plaintiff's amended complaint makes only a conclusory assertion that "several people" were on disability or FMLA leave "during the exact same time, in the same job title, and under the same management tree and yet they were not investigated." (doc. 41 at 8.) It does not identify these individuals, however, or even say that they were outside of Plaintiff's protected class. It does not allege any facts showing that there were male employees who were on FMLA leave who were not investigated despite reports or allegations, anonymous or otherwise, of FMLA fraud. Nor does it allege that there were male employees who were found to have committed FMLA fraud but who

18

were not terminated. Plaintiff has not alleged facts sufficient to create an inference that she was treated less favorably than similarly situated males under nearly identical circumstances. *See Stewart v. AutoRevo, Ltd.*, No. 3:17-CV-19-B, 2017 WL 5177119, at *4–5 (N.D.Tex. Nov. 8, 2017) (granting Rule 12(b)(6) motion for failure to plead sufficient facts to make Title VII claim plausible).

In conclusion, Plaintiff's wrongful termination claim should be dismissed under Rule 12(b)(6) for failure to state a claim.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). When a court "outline[s] in [its] opinion the deficiencies" of plaintiff's complaint and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he

is due." *Sims*, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

Plaintiff has amended her complaint once, and raised new allegations in response to Defendant's motion to dismiss which have been considered.  Her claims are untimely.  It therefore appears Plaintiff has alleged her best case, and further opportunity to amend is not warranted.

## V. RECOMMENDATION

Defendant's Rule 12(b)(1) motion to dismiss should be **DENIED**, and its Rule 12(b)(6) motion to dismiss should be **GRANTED**.  Plaintiff's claims for failure to promote and failure to accommodate should be **DISMISSED with prejudice** as untimely, and her wrongful termination claim should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 5th day of April, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

20

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

21